FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 04, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THOMAS-EDWARD-ELMER SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>SPOKANE COUNTY SHERIFF OFFICE,<br><br>    Defendant. | No. 2:24-CV-00027-SAB<br><br>**ORDER DENYING MOTION TO SEAL** |

Before the Court is Plaintiff's Motion to Seal Case, ECF No. 8. The motion was considered without oral argument. Plaintiff is *pro se*. Defendant is represented by Dayle Andersen, Jr. The motion was heard without oral argument. Plaintiff moves the Court to seal this matter from public access to protect Plaintiff's private information and "maintain the privacy of the matters within the case." ECF No. 8 at 1. Upon review and for the reasons stated below, Plaintiff's motion to seal case is denied.

### Legal Standard

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 597, 98 S. Ct. 1306 (1978). There is a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The

**ORDER DENYING MOTION TO SEAL** #1

1 | presumption of access is "based on the need for federal courts, although
2 | independent–indeed, particularly because they are independent–to have a measure
3 | of accountability and for the public to have confidence in the administration of
4 | justice." *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1048 (2nd Cir.
5 | 1995).

6 |     Courts typically utilize a "compelling reasons" standard to determine
7 | whether to seal a document. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78
8 | (9th Cir. 2010). "This standard derives from the common law right 'to inspect and
9 | copy public records and documents, including judicial records and documents.'"
10 | *Id.* (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.
11 | 2006)). To overcome the strong presumption towards public access, the moving
12 | party must "articulate compelling reasons supported by specific factual findings
13 | that outweigh the general history of access and the public policies favoring
14 | disclosure, such as the public interest in understanding the judicial process."
15 | *Kamakana*, 447 F.3d at 1178–79 (cleaned up). The court must "balance the
16 | competing interests of the public and the party who seeks to keep certain judicial
17 | records secret. After considering these interests, if the court decides to seal certain
18 | judicial records, it must base its decision on a compelling reason and articulate the
19 | factual basis for its ruling, without relying on hypothesis or conjecture." *Id.*
20 | //
21 | //
22 | //
23 | //
24 | //
25 | //
26 | //
27 | //
28 | //

**ORDER DENYING MOTION TO SEAL #2**

## Discussion

Here, the motion is both over broad, non-specific, and asks the Court to overturn long standing precedence concerning public access. The motion is not particularized in anyway, but merely seeks to seal the entire matter from the public's view and accountability. The Court has reviewed the documents filed in support of the pending motion and determined that good cause has not been established to overcome the public's constitutional and common law rights to access court proceedings and records. Plaintiff's motion is denied.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Seal Case, ECF No. 8, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel and *pro se* Plaintiff.

**DATED** this 4th day of March 2024.

Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING MOTION TO SEAL #3**