FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 22, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THOMAS-EDWARD-ELMER SMITH,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>SPOKANE COUNTY SHERFIFF OFFICE,<br><br>　　　　Defendant. | No. 2:24-CV-00027-SAB<br><br>**ORDER DENYING MOTIONS** |

　　　　Before the Court are Plaintiff's Motion for Production of Authority, ECF No. 7, and Motion of Reconsideration, ECF No. 9. Plaintiff is *pro se*. Defendant is represented by Dayle Andersen, Jr. The motions were considered without oral argument.

　　　　Plaintiff first moves the Court to order production of authority from Defendant. Plaintiff cites several disparate civil procedure rules, many of which apply to different courts and different jurisdictions. Furthermore, it is unclear what authority Plaintiff desires from Defendant. Even if it was clear, the parties shall utilize discovery procedures that comport with the Fed. R. Civ. P. and Local Rules for the Eastern District of Washington. Therefore, being fully informed, the Court denies Plaintiff's motion for production of authority.

//

//

**ORDER DENYING MOTIONS** # 1

Also, Plaintiff has a motion for reconsideration before this Court which requests reconsideration of this Court's Order Denying Construed Motion for Preliminary Injunction, ECF No. 6.

Reconsideration is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "A district court may properly reconsider its decision if it '(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *Sch. Dist. No. 1J*, 5 F.3d at 1263). "There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J*, 5 F.3d at 1263. Whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakima Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Upon review of the pending motion of reconsideration, Plaintiff did not meet the standard for reconsideration outlined in case law. Plaintiff did not meet any of the three grounds for reconsideration outlined in *Smith*. Therefore, this extraordinary remedy is not available, and the motion is denied.

//
//
//
//
//
//

**ORDER DENYING MOTIONS # 2**

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Production of Authority, ECF No. 7, is **DENIED**.

2. Plaintiff's Motion of Reconsideration, ECF No. 9, is **DENIED**.

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to file this Order and provide copies to counsel and *pro se* Plaintiff.

**DATED** this 22nd day of March 2024.



_____
Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING MOTIONS # 3**