FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 17, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THOMAS-EDWARD-ELMER SMITH,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>SPOKANE COUNTY SHERFIFF OFFICE,<br><br>　　　　Defendant. | No. 2:24-CV-00027-SAB<br><br>**ORDER DEEMING PLAINTIFF OF VEXATIOUS LITIGANT STATUS AND DISMISSING CASE** |

A motion hearing was held in the above-mentioned matter on June 13, 2024 in Spokane, Washington. Pending before the Court was Defendant's Amended Motion to Dismiss and for Vexatiousness, ECF No. 19. Neither party appeared at the hearing. Therefore, the motion was considered without oral argument.

This Court's May 3, 2024 Order, ECF No. 20, granted Defendant's motion to dismiss. At the present hearing, the Court deemed Plaintiff a Vexatious Plaintiff on this issue. Therefore, being fully informed, the Court granted Defendant's pending motion and dismissed the matter. This Order memorializes the Court's oral rulings.

### Factual Background

Plaintiff has filed a multitude of complaints against Spokane County, miscellaneous federal and state judges, Spokane County Departments, employees

**ORDER DEEMING PLAINTIFF A VEXATIOUS LITIGANT AND DISMISSING CASE** # 1

and elected officials of Spokane County, along with the parties holding any legal or equitable interests in real property located within Spokane County commonly known as 4605 East Cataldo Avenue, Spokane Valley, Washington (the "Subject Property"). Each of these cases, when considered by their corresponding judicial authority, has resulted in dismissal. *See Dec. of Andersen*, Exhs. 1–5. For example, Judge Tony Hazel in the Spokane County Superior Court found Plaintiff's efforts to be "frivolous." *Dec. of Andersen*, Exh. 5.

Plaintiff's interest in the real property was forfeited in a non-judicial foreclosure that occurred in December of 2023. *See Dec. of Andersen*, Exh. 10. In each of Plaintiff's complaints, he claims violations of his right to a property which Spokane County has no interest in other than as a taxable parcel within the county. The initial case, dismissed by this court, related to plaintiff's alleged equitable interest in the subject property. *See* Case No. 2:22-CV-00325-SAB.

## Procedural History

Plaintiff filed an almost identical complaint in *Smith v. Casetlo, et al.* under Case No. 2:22-CV-00325-SAB. This Court granted Defendants Motion to Dismiss in that earlier case number on July 11, 2023, ECF No. 54, and found judgment in favor of Defendants, ECF No. 55. Plaintiff appealed that decision, and the Ninth Circuit issued an Order notifying Plaintiff of an insufficient appeal and a general outline of how to remediate that appeal, ECF No. 76. Plaintiff abandoned this case number.

In the present, above-mentioned matter, Plaintiff filed a complaint on January 31, 2024, ECF No. 1. On May 3, 2024, this Court issued an Order granting Defendant's Motion to Dismiss on grounds of collateral estoppel and *res judicata* and tentatively approved Plaintiff as a vexatious litigant, ECF No. 20. The May 3, 2024 Order tentatively approved Plaintiff a *vexatious litigant* and set a response deadline for May 31, 2024. Plaintiff had to show cause as to why he should not be

**ORDER DEEMING PLAINTIFF A VEXATIOUS LITIGANT AND DISMISSING CASE # 2**

labeled a vexatious litigant. Plaintiff did not file a written objection and failed to appear at the June 13, 2024 hearing.

## Applicable Law

"Federal courts can 'regulate the activities of abusive litigants by imposing carefully tailored restrictions under ... appropriate circumstances.'" *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir.1990). "Out of regard for the constitutional underpinnings of the right to court access, 'pre-filing orders should rarely be filed,' and only if courts comply with certain procedural and substantive requirements." *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014). Therefore, pre-filing restrictions should be a remedy of last resort. *Id*.

When district courts seek to impose pre-filing restrictions, they must: (1) give litigants notice and 'an opportunity to oppose the order before it [is] entered; (2) compile an adequate record for appellate review, including 'a listing of all the cases and motions that led the district court to conclude that vexatious litigant order was needed'; (3) make substantive findings of frivolousness or harassment: and (4) tailor the order narrowly so as 'to closely fit the specific vice encountered.' *Id.* The first and second of these requirements are procedural, while the "latter two factors … are substantive considerations … [that] help the district court define who is, in fact, a 'vexatious litigant' and construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1058 (9th Cir. 2007).

In 'applying the two substantive factors,' the Ninth Circuit held that a separate set of considerations provides a helpful framework when determining whether a party is a vexatious litigant and whether a pre-filing order will stop the vexatious litigation or if other sanctions are adequate: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, *e.g.*, does the litigant

**ORDER DEEMING PLAINTIFF A VEXATIOUS LITIGANT AND DISMISSING CASE # 3**

have an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. *Ringgold-Lockhart* at 1062.

## Discussion

The Court finds Plaintiff to be a vexatious litigant regarding the Subject Property. In the two cases before this Court, Plaintiff exhibited a consistent and uninterrupted pattern of harassment against the Federal Judiciary, the State of Washington, and numerous Spokane County officials, employees, and administrators. Plaintiff filed repeated motions which attempted to harass officials that he suspected of being involved in the non-judicial foreclosure of the Subject Property.

Plaintiff's use of the court system has been frivolous. In the 2022 case number, Plaintiff made often arbitrary, capricious, and convoluted claims against Defendants. The same continued under this case number.

Due to Plaintiff's harassment, the listed Defendants and this Court have allocated valuable time and resources to issues previously litigated and neglected pressing substantive matters in the Eastern District of Washington. Thus, to prevent future harassment and protect judicial resources in the Eastern District of Washington, the Court grants Defendant's motion pursuant to *Ringgold-Lockhart v. Cnty. of Los Angeles*. Plaintiff is enjoined from filing any further action in this Court related to the nonjudicial foreclosure and sale of the Subject Property (4605 East Cataldo Avenue, Spokane Valley, Washington 99037) without prior approval by the Court.

In compliance with the second prong of the four-part test in *Ringgold-Lockhart v. Cnty. of Los Angeles*, the Court lists the motions and filings by Plaintiff found to be frivolous and/or harassing.

**ORDER DEEMING PLAINTIFF A VEXATIOUS LITIGANT AND DISMISSING CASE # 4**

**Plaintiff's Vexatious Filings in Two District Court Case Numbers**

2:22-CV-00325-SAB <u>Smith v. Castelo, et al.</u>

1. Complaint, ECF No. 1, December 27, 2022
2. Motion for Entry of Default as to All Defendants, ECF No. 10, March 8, 2023
3. Verified Opposition to Motion to Dismiss, ECF No. 21, April 5, 2023
4. Verified Motion to (Dismiss) Compel, ECF No. 22, April 5, 2023
5. Amended Complaint, ECF No. 28, April 24, 2023
6. Motion to Compel, ECF No. 30, April 24, 2023
7. Second Amended Complaint, ECF No. 36, June 7, 2023
8. Trespass Dates, Timeline of Administrative Notices, and Records Requests, ECF No. 42, June 7, 2023
9. Verifications, Memorandum of Law and Definitions, ECF No. 43, June 7, 2023
10. Third Amended Complaint, ECF No. 52, July 6, 2023
11. Motion of Opposition to Motion to Prohibit Communication, ECF No. 57, July 12, 2023
12. Petition for Motion for Emergency Injunction, ECF No. 58, July 12, 2023
13. Motion for Order of Reconsideration, ECF No. 59, July 12, 2023
14. Motion for Reconsideration of Order Granting Defendants' Motion to Dismiss, ECF No. 61, July 19, 2023
15. Motion for Opposition of Appearance, ECF No. 62, July 19, 2023
16. Petition for Motion to Vacate Judgment Based on the Following Objections to the Denial of Motion of Reconsideration, ECF No. 67, August 16, 2023
17. Motion to Recuse Judge, ECF No. 72, September 14, 2023
18. Motion to Recuse Judge, ECF No. 74, September 19, 2023

**ORDER DEEMING PLAINTIFF A VEXATIOUS LITIGANT AND DISMISSING CASE # 5**

2:24-CV-00027 *Smith v. Spokane County Sheriff Office*

1. Complaint, ECF No. 1, January 31, 2024
2. Motion for Emergency Temporary Injunction to Protect Equitable Title in Property, ECF No. 3, January 31, 2024
3. Motion for Production of Authority, ECF No. 7, February 6, 2024
4. Motion to Seal Case, ECF No. 8, February 6, 2024
5. Motion for Reconsideration of Order Denying Construed motion for Preliminary Injunction, ECF No. 9, February 21, 2024

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Amended Motion to Dismiss and for Vexatiousness, ECF No. 15, is **GRANTED**.
2. All claims against Defendant are **DISMISSED**.
3. Plaintiff is a **vexatious litigant** concerning potential litigation of the Subject Property (4605 East Cataldo Avenue, Spokane Valley, Washington 99037).
4. Plaintiff will need permission from this Court prior to filing any action that relates to the non-judicial foreclosure of the Subject Property at 4605 East Cataldo Avenue, Spokane Valley, Washington 99037. The Court will approve all filings that it deems to be meritorious, not duplicative, and not frivolous.

//
//
//
//
//
//
//
//
//

**ORDER DEEMING PLAINTIFF A VEXATIOUS LITIGANT AND DISMISSING CASE # 6**

5. The Clerk of Court is directed to **ENTER JUDGMENT** in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to file this Order, enter judgment, provide copies to counsel and *pro se* Plaintiff, and **close the file**.

**DATED** this 17th day of June 2024.



Stanley A. Bastian
Chief United States District Judge

**ORDER DEEMING PLAINTIFF A VEXATIOUS LITIGANT AND DISMISSING CASE # 7**